UNITED STATES DISTRICT COURT
EASTERN DISCTRICT OF MICHIGAN

TARA D. MILLER,

Plaintiff,

vs.

DENIS MCDONOUGH,
Secretary
U.S. Department of Veteran Affairs
Agency

Defendants

Case No. 22-cv-12865
District Judge F. Kay Behm
Mag. Judge Kimberly G. Altman

---

## SECOND AMENDED COMPLAINT

NOW COMES the Plaintiff, **TARA D. MILLER**, by and through her attorney Dewey Rick Martin, and for Plaintiff's Complaint against Defendants, hereby state unto this Honorable Court as follows:

## JURISDICTION AND THE PARTIES

1. Plaintiff, Tara D. Miller, at all material times herein was a resident of the City of Detroit, MI, born in 1969 and was, at all material times herein, employed by U.S. Department of Veterans Medical Affairs in City of Detroit, County of Wayne and State of Michigan.

2. That, at all material times herein, Defendants, Denis McDonough was employed as the U.S. Secretary of Department of Veterans Affairs, and the U.S

Department of Veterans Affairs were, at all material times herein, a Federal Agency of the United States government.

3. This Court has venue and jurisdiction over this dispute because it arises in the City of Detroit, County of Wayne and State of Michigan under federal law, namely, U.S. Title VII of the Civil Rights Act of 1964, (Title VII Anti-Retaliation Provisions), and the U.S. Age Discrimination in Employment Act (ADEA), This Court has subject matter jurisdiction over these federal question claims pursuant to 28 U.S. Sections 1331 and 1338(a) and (b).

4. The amount in controversy exceeds Seventy Five Thousand ($75,000.00) in damages.

## COMMON FACTUAL ALLEGATIONS

5. That Plaintiff was hired by Defendants as a Human Resource Specialist on or around April 1, 2020 and assigned to work at Defendants' John Dingell Veterans Medical Center located at 4646 John R. Street in Detroit, Michigan.

6. That from the time Plaintiff was hired to the date she was terminated on February 24, 2021 Plaintiff was subjected to discriminatory treatment based upon her age and disability by her supervisor, Eric Osterbeck who was also a Human Resource Officer. When Plaintiff complained and protested about favorable treatment Supervisor Osterbeck gave to a younger similarly situated co-worker, Erica Bethany, Supervisor Osterbeck embarked on an unrelenting

campaign of harassment, discrimination and retaliation that resulted in Plaintiff's unlawful retaliatory termination on February 24, 2021. Plaintiff's termination occurred just 4 weeks after she strongly protested Supervisor's Osterbeck's discriminatory treatment on the basis of Plaintiff's disability known to Osterbeck and Defendants.

7. That Defendants' discriminatory and retaliatory campaign of harassment included, unjust verbal and written disciplinary actions, unprovoked yelling, demeaning mistreatment, denial of proper and adequate training, false accusations of misconduct, violations of work rules and policies, denial of COVID-19 monetary payment awards, and denial of reasonable accommodation of her disability, and denial of promotion to over 50 vacant positions for which Plaintiff was the most qualified applicant, on the basis of Plaintiff's race, age, sex, and disability or perceived disability.

**COUNT I-VIOLATIONS OF THE ADEA**
**(AS TO ALL DEFENDANTS)**

8. That Plaintiff repeats and re-alleges every allegation, word for word, contained in paragraphs 1 through 7, as though fully set forth herein.

9. Throughout Plaintiff's employment Defendants' Supervisor Osterbeck treated Plaintiff who was in her early fifties less favorably than Erica Bethany, a substantially younger similarly situated co-worker in her thirties. The favorable

treatment includes, but is not limited to Supervisor Osterbeck's (1) refusal to discipline Bethany for her work rule violations, including, use of vulgar profanity, confrontational behaviors, tardiness, and absenteeism; (2) providing Bethany with the proper and adequate training Plaintiff was repeatedly denied; and (3) giving Bethany a COVID 19 monetary award which Plaintiff was repeatedly denied.

10. That all of Defendants' above described adverse actions, including, Plaintiff's termination was based on Plaintiff's age, in violation of the ADEA.

11. That as a direct and proximate result of Defendants' violations of Plaintiff's rights protected by the ADEA, Plaintiff has suffered and continues to suffer economic and non-economic damages in the form of emotional distress, embarrassment, mental anguish, and humiliation.

**WHEREFORE**, Plaintiff respectfully prays unto this Honorable Court, for judgment against Defendants for economic, exemplary, compensatory, non-economic and punitive damages and whatever other legal and equitable relief this Honorable Court deems just.

## COUNT II–VIOLATIONS OF TITLE VII
**(Discriminatory and Retaliatory Treatment)**

12. That Plaintiff repeats and re-alleges every allegation, word for word, contained in paragraphs 1 through 11, as though fully set forth herein.

13. That throughout Plaintiff's employment she repeatedly complained to Defendants about Supervisor Osterbeck's discriminatory and retaliatory treatment she was subjected to because of her age, race, sex, and disability. Instead, of eliminating the discriminatory and retaliatory treatment, Defendants condoned and ratified Supervisor Osterbeck's adverse employment actions, including, by (1) denying Plaintiff promotion to over 50 positions in which she was the most qualified applicant; and (2) unlawfully terminating Plaintiff's employment.

14. That, Defendants intentionally discriminated against Plaintiff on the basis of race, sex, age and disability, were predisposed to discriminate against black, female, older and disabled employees, and acted upon that predisposition in Defendants' discriminatory and retaliatory treatment of Plaintiff.

15. That as a direct and proximate result of Defendants' conduct, Plaintiff has lost wages and future earnings, fringe benefits and other economic advantages incident of employment; and further, Plaintiff has and will continue to suffer mental anguish, depression, mental distress, anxiety, public humiliation, embarrassment, and outrage over the manner in which Plaintiff has been treated which includes the loss of the enjoyment of ordinary pleasures of life.

**WHEREFORE**, Plaintiff respectfully prays unto this Honorable Court, for judgment against Defendants for economic, exemplary, compensatory, non-

economic and punitive damages and whatever other legal and equitable relief this Honorable Court deems just.

Respectfully Submitted:

By: /s/D. RICK MARTIN
D. Rick Martin (P42484)
13900 Woodward, Avenue
Highland Park, MI 48203
(313) 963-1320
Attorney for Plaintiff