**DEPARTMENT OF VETERANS AFFAIRS**
**Office of Resolution Management, Diversity & Inclusion**
**2255 Enterprise Drive, Suite 5506**
**Westchester, IL 60154**

In reply refer to: 08O

April 27, 2021

VIA Email: [redacted]

Tara Miller
[redacted]

**SUBJECT: Notice of Partial Acceptance of Your EEO Complaint No. 200J-VI10-2021102392, Filed April 2, 2021, against Officials of the Veterans in Partnership, VISN 10, Ann Arbor, MI**

1. On February 24, 2021, you initiated contact with an EEO counselor. Counseling concluded on March 25, 2021, when you were emailed the *Notice of Right to File a Discrimination Complaint*, which you received on March 25, 2021. On April 2, 2021, you filed a formal complaint of discrimination, VA Form 4939.

2. **Equal Employment Opportunity Commission (EEOC) Regulation 29 C.F.R. §1614.107(a)(1)** provides, in relevant part, that an agency shall dismiss a complaint that fails to state a claim. An agency shall accept a complaint from any aggrieved employee or applicant for employment who believes that he or she has been discriminated against by that agency because of Race, Color, Religion, Sex, National Origin, Age or Disability. The Commission's federal sector case precedent has long defined an "aggrieved employee" as one who suffers a present harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy. You stated you were subjected to a Police Investigation on February 23, 2021. EEOC lacks jurisdiction over decisions made by the facility VA Police Service and police incident reports that are filed by employees of the facility. The EEOC has long held that a complainant cannot use the EEO complaint process to lodge a collateral attack on other forums. **Consequently, the incidents identified above are hereby DISMISSED[1] pursuant to 29 C.F.R. §1614.107(a)(1) for failure to state a claim.**

3. Your complaint of discrimination otherwise raises the following claims:

> **Whether complainant was subjected to a hostile work environment (sexual and non-sexual) based on Age, Sex (Female), Race (African American) and Disability when: a) from April 2020 to February 24, 2021, co-workers bullied, ashamed, embarrassed and were hostile towards her; b) in April 2020, Eric Osterbeck, Assistant Human Resources Officer, told her she can call him "Candy Man"; c) in October 2020, EO, belittled and yelled at her; d) on January 21, 2021, EO was**

[1] There is no immediate right to appeal the dismissed portion of the complaint. You will have the right to appeal the partial dismissal once final action is taken by the agency on the remainder of the complaint.

**demeaning to her and threatened her job; e) on January 26, 2021, she was told she could not have a representative during a mediation; f) on January 29, 2021, she became aware EO was soliciting persons to write Report of Contacts against her; g) on February 24, 2021, she was accused of identity theft and unauthorized modification of an employee's personnel record; h) continuously on a daily basis, co-workers said the "N" word, used several curse words, EO used sexual innuendos, and she was blamed for events she did not do; and includes the following timely raised actionable claims:**

**(1) From April 2020 to February 24, 2021, she did not receive proper training.**[2]

**(2) On February 24, 2021, she was marked 7.75 hours Absent without Leave.**

**(3) In February 2021, she was marked 7.75 Leave without Pay.**

**(4) On February 24, 2021, she was terminated**[3] **from federal employment.**

**(5) As of April 5, 2021, she has not received her last paycheck.**

**(6) As of April 5, 2021, she has not received a COVID-19 monetary award.**

4. In assessing a hostile environment claim, the totality of the circumstances must be examined, including (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or a mere offensive utterance; and (4) whether it unreasonably interferes with an employee's work performance and (5) there is a basis for imputing liability to the employer.[4] A hostile environment claim generally requires a showing of a pattern of denigrating conduct that unreasonably interferes with an individual's work performance or creates an intimidating, hostile, or offensive working environment.[5] In determining whether harassment is sufficiently severe or pervasive to create a claim of hostile environment, the harasser's conduct is evaluated from the objective standpoint of a reasonable person. An objectively hostile or abusive work environment is created only when a reasonable person would find it hostile or abusive.

5. We have determined your claim of harassment passes the severe or pervasive requirement for further processing. The above-identified events establish a pattern of conduct that could create a hostile work environment and/or that could interfere with the job performance of a reasonable person.

---

[2] The training she did not receive also includes New Employee Training.
[3] Complainant filed an MSPB which was dismissed on April 6, 2021, due to lack of jurisdiction. Complainant also filed a Civil Suit and on March 24, 2021, this was denied due to her filing of her formal EEO complaint.
[4] See *McCleod v. Social Security Administration*, EEOC Appeal No. 01963810 (August 5, 1999) (citing *Henson v. City of Dundee*, 682 F.2d 897 (11th Cir. 1982).
[5] See *Vance C., v. Social Security Administration,* EEOC Appeal No. 2019004877 (September 17, 2020); *Cobb v. Dep't of the Treasury*, EEOC Request No. 05970077 (March 13, 1997).

6. As outlined above, **events 1-6, in paragraph 3,** have been **ACCEPTED for investigation as independent claims,** and the **harassment claim, consisting of all events**, is also **ACCEPTED** for investigation.

7. If you believe that the accepted claims are formulated improperly, incomplete, or incorrect, you must notify this office within **seven (7) calendar days** of receipt of this letter, in writing, by email, or fax, stating your disagreement. We will include your statement in the complaint file. If you do not contact this office within **7 calendar days**, we will assume that we correctly stated the claims. **You are *strongly encouraged* to use email to submit your documents to patricia.martinez2@va.gov.**

8. We will assign the accepted claims to an impartial Investigator under the supervision of the Office of Resolution Management, Diversity & Inclusion (ORMDI). The Investigator will contact you directly to obtain information or evidence you may wish to offer. The Investigator is only authorized to investigate the claims specified.

9. You have additional rights that are explained fully in the enclosure to this letter.

10. **Failure to keep this office advised of any change of address could dismiss your complaint**. You must also immediately advise this office, in writing, of the name, address, and telephone number of any person you may choose to represent you. If you advise us of legal representation, we will email all subsequent complaint-related correspondence to your representative, with copies to you, unless you advise us, in writing, that that individual no longer represents you.

11. Our fax number is (708) 236-2898. If you have any questions, please contact Patricia Martinez, ORMDI Case Manager, at (708) 236-2811, patricia.martinez2@va.gov. **You are *strongly encouraged* to use email to submit your correspondence and/or documents to ORMDI.**

Sincerely,

Glenn W. Sebesta

Glenn W. Sebesta
District Manager
Midwest District

Enclosure: Complainant's Rights

cc: RimaAnn Nelson, Network Director, via email: rimaann.nelson@va.gov
Andrea Freeman, EEO Specialist, via email: andrea.freeman@va.gov