UNITED STATES DISTRICT COURT
EASTERN DISCTRICT OF MICHIGAN

TARA D. MILLER,

Plaintiff,

vs.

DENIS MCDONOUGH,
Secretary
U.S. Department of Veteran Affairs
Agency

Defendants

Case No. 22-cv-12865

Hon. F. Kay Behm
Mag. Judge Kimberly G. Altman

---

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

NOW COMES the Plaintiff, TARA D. MILLER, by and through her attorney Dewey Rick Martin, and hereby move the Court for leave to file a third amended complaint pursuant to Fed. R. Civ. P. Rule 15 to clarify its disability discrimination claim asserted in Plaintiff's second amended complaint. The proposed amendment is pursuant to 501 Rehabilitation Act, and does not add any new party, and will not necessitate the reopening of discovery,

Because the proposed amendment will not cause undue prejudice or undue delay, and because the factors of bad faith, dilatory motive, or futility are not present, the motion should be granted, as a matter of law.

Plaintiff's motion is supported by the accompanying brief, and concurrence was sought, and denied.

Respectfully Submitted:

By: /s/D. RICK MARTIN

D. Rick Martin (P42484)
13900 Woodward, Avenue
Highland Park, MI 48203
(313) 963-1320
Attorney for Plaintiff

**CONTROLLING AUTHORITIES**

Federal Rules of Civil Procedure Rule 15

*Foman v. Davis*, 371 U.S. 178, 182 (1962)

*Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)

*Moore v. Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)

# BRIEF IN SUPPORT OF MOTION

## I. PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND

The Plaintiff seeks to file a third amended complaint to establish that Plaintiff's previously alleged claim of discriminatory treatment based on disability is founded on Section 501 of the Rehabilitation Act. Significantly, the proposed amendment does not add any new party. (Ex. 1, Proposed Third Amended Complaint)

Defendant had notice of discriminatory treatment for her disability as early as February 24, 2021 when she submitted her disability claim to Defendant's EEO office. Plaintiff was deposed and questioned extensively and thoroughly relative to her "disability claim". Allowing this amendment will not necessitate the reopening of discovery (Ex. 2, Plaintiff's Dep. pp. 59-62). The delay was not intended to harass, nor cause any ascertainable undue prejudice. *Hageman v. Signal LP, Gas, Inc.,* 486 F.2d 479, 484 (6th Cir. 1973) ("[a]ppellant was aware of the fact situation upon which the amended complaint was based.")

## II. LEGAL STANDARD

Motions to amend a complaint are governed by Rule 15(a) of the Federal Rules of Civil Procedure. Under Rule 15(a), a party may amend his pleadings once as a matter of course at any time before a responsive pleading is served. Otherwise, the party may amend only by leave of court, which—shall be freely given when

justice so requires. Fed. R. Civ. P. 15(a); *see* generally *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Mayle v. Felix*, 545 U.S. 644, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005).

A court may grant a party leave to amend a pleading to amplify or elaborate on a previously alleged claim. *See Clay v. Martin*, 509 F.2d 109, 113-114 (2d Cir. 1975). "[T]he same standard of review and rationale appl[ies]" to requests for leave to supplement under FED. R. CIV. P. 15(d). *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002); see *Bromley v. Mich. Educ. Ass'n-NEA*, 178 F.R.D. 148, 154 (E.D. Mich. 1998).

The Sixth Circuit relies on the *Foman, supra,* factors to elucidate this liberal standard for amendment. *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 640–41 (6th Cir. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). (6th Cir. 2007) (citation omitted). In *Foman, supra,* the Supreme Court stated:

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- **the leave sought should, as the rules require, be "freely given**." *Id* at 182. (Emphasis added)

The Rule—plainly embodies a liberal amendment policy. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Foman, supra.*

In the case at bar, the Defendant suffers no prejudice having received notice on repeated occasions. The delay in this case was caused by good-faith efforts of both parties to seek resolution through two facilitations. The amendment clarifies the litigation posture of the case with no dilatory motive. The delay necessary to extend the dispositive motion deadline does not outweigh "the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982).

## III. <u>ARGUMENT</u>

**There is no Undue Delay, Undue Prejudice, Bad Faith or Futility.**

The law is clear in the Sixth Circuit that "unjustified delay alone is not a sound basis upon which a district court can refuse to grant leave to amend." *Moore v. Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). Where undue delay exists, the Sixth Circuit has also required "'at least some significant showing of prejudice' to deny a motion to amend based solely upon delay." *Prater v. Ohio Educ. Ass'n*, 505 F.3d 437, 445 (6th Cir. 2007) (citation omitted).

The delay in this case is due to good faith efforts by both parties to avoid costly and protracted litigation and extensive motion practice by engaging in serious, but unsuccessful settlement discussions. These discussions included two

"in-person" settlement conferences convened by Magistrate Judge Kimberly G. Altman. Those efforts recently concluded on April 17, 2025.

In *Tefft, supra*, the Court stated:

> **The amended cause of action is not so different as to cause prejudice to the defendants, nor do we find the delay particularly "undue" considering the course of this case through a prior appeal to this Court.**[2] Therefore, we hold that dismissal of the suit based upon the original complaint was an abuse of discretion and remand with instructions to allow plaintiff to amend his complaint to assert a constitutional tort. **We believe this case should be tried on its merits and not dismissed on technical grounds, and we instruct the District Court on remand to try the case expeditiously**. (Emphasis added)

In *Tefft, supra,* the motion to amend the complaint was filed *after* the case was dismissed on a motion for summary judgment. In the case at bar, Plaintiff's motion to amend is filed in *response* to Defendant's *pending* motion for summary judgment. In a footnote on page 12 Defendant states:

> Miller's second amended complaint does not attempt to state a claim under the Rehabilitation Act, and any disability discrimination claim should be dismissed on that basis. (Def. Brief, p. 12, footnote 1)

Defendant's argument in footnote 1 was directly addressed and rejected by the Sixth Circuit in *Tefft, supra.* In finding that the trial court abused its discretion by not allowing the plaintiff to assert a "new" claim, the Court stated:

> The trial judge in this case apparently faulted the plaintiff **for never making a "motion" for leave to amend**.
>
> * * *
>
> The thrust of Rule 15 is to reinforce the principle that **cases should be tried on their merits rather than the technicalities of pleadings**. *Conley v. Gibson,* 355 U.S. 41, 48, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957); see 3 Moore's Federal Practice P 15.02(1) (1982), at p. 15-13. That principle provides guidance for appellate courts charged with determining whether a trial judge has abused his or her discretion in denying a requested amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962), **and is especially important when, as here, denial of the amendment has resulted in dismissal of the action**. *John M. Peters Construction Co. v. Marmar Corp.*, 329 F.2d 421 (6th Cir. 1964). (Emphasis added)

In the case at bar, Defendant has already questioned Plaintiff extensively at her deposition regarding the factual basis of her "disability" claim, and those responses established that her disability claim would survive a motion to dismiss. (Ex. 2, Plaintiff's Dep. pp. 59-62)

Defendant will suffer *no* prejudice, let alone "significant" prejudice if Plaintiff is allowed to cure the technical issue in her proposed third amended complaint, by simply founding her "disability claim" under Section 501 of the Rehabilitation Act.

Because the proposed amendment will not necessitate re-opening of discovery, cause undue delay, and is not brought in bad faith, and is not futile, it should be granted, as a matter of law. *See, Foman, supra.* (reversing denial of leave to amend by citing to Rule 15(a)(2)'s mandate to freely give leave to amend and stating "this mandate is to be heeded."); *see also, Moore, supra,* ("Our principal basis for this decision is that the rejection of the amendment would preclude plaintiff's opportunity to be heard on the merits on facts which are well known to the parties and which were pleaded at the outset although relief was erroneously sought under Sec. 1985.")

## IV. CONCLUSION

Denying Plaintiff's Constitutional right to a jury trial based on the technicality argued by Defendant is in direct violation of Fed. R. Civ. P. Rule 15, and numerous U.S. Supreme Court and Sixth Circuit decisions. The law governing the application of Rule 15 states that mere delay in seeking leave to amend is not a sufficient basis to deny the amendment. The opposing party will not be able to demonstrate the requisite "significant" prejudice, or any prejudice.

The proposed amendment allows the Plaintiff to present her disability discrimination claim based on the harm that was done. By contrast, using the technicality to deprive Plaintiff of the right to a trial on the merits is contrary not

only to basic justice, but also, to the purpose of the court rules and case law precedents.

## V. RELIEF REQUESTED

For the foregoing reasons, Plaintiff, Tara D. Miller, respectfully requests that the Honorable Court grant her motion for leave to file a third amended complaint.

Respectfully Submitted:

By: /s/D. RICK MARTIN

D. Rick Martin (P42484)
13900 Woodward, Avenue
Highland Park, MI 48203
(313) 963-1320
Attorney for Plaintiff