Ex. 1

UNITED STATES DISTRICT COURT
EASTERN DISCTRICT OF MICHIGAN

TARA D. MILLER,

Plaintiff,

vs.

DENIS MCDONOUGH,
Secretary
U.S. Department of Veteran Affairs
Agency

Defendants

Case No. 22-cv-12865
District Judge F. Kay Behm
Mag. Judge Kimberly G. Altman

---

**THIRD AMENDED COMPLAINT**

NOW COMES the Plaintiff, TARA D. MILLER, by and through her attorney Dewey Rick Martin, and for Plaintiff's third amended complaint against Defendants, hereby state unto this Honorable Court as follows:

**JURISDICTION AND THE PARTIES**

1. Plaintiff, Tara D. Miller, at all material times herein was a resident of the City of Detroit, MI, born in 1969 and was, at all material times herein, employed by U.S. Department of Veterans Medical Affairs in City of Detroit, County of Wayne and State of Michigan.
2. That, at all material times herein, Defendants, Denis McDonough was employed as the U.S. Secretary of Department of Veterans Affairs, and the U.S

Department of Veterans Affairs were, at all material times herein, a Federal Agency of the United States government.

3. This Court has venue and jurisdiction over this dispute because it arises in the City of Detroit, County of Wayne and State of Michigan under federal law, namely, U.S. Title VII of the Civil Rights Act of 1964, (Title VII Anti-Discrimination and Retaliation Provisions), and the U.S. Age Discrimination in Employment Act (ADEA), and Section 501 of the Rehabilitation Act.

4. This Court has subject matter jurisdiction over these federal question claims pursuant to 28 U.S. Sections 1331 and 1338(a) and (b).

5. The amount in controversy exceeds Seventy Five Thousand ($75,000.00) in damages.

**COMMON FACTUAL ALLEGATIONS**

6. That Plaintiff was hired by Defendants as a Human Resource Specialist on or around April 1, 2020 and assigned to work at Defendants' John Dingell Veterans Medical Center located at 4646 John R. Street in Detroit, Michigan, under the supervision of the Director of Human Resources, Eric Osterbeck.

7. That from the time Plaintiff was hired to the date she was terminated on February 24, 2021 Plaintiff was subjected to discriminatory treatment because she rebuffed Director Osterbeck's strong sexual advances, and refused to join and participate in his sexual banter and sexually hostile work environment,

unlike her co-workers, Erica Bethany and Angela Denise Thompson who welcomed this conduct and were rewarded with favorable treatment. When Plaintiff complained and protested about favorable treatment Supervisor Osterbeck gave to a younger similarly situated co-worker, Erica Bethany, Supervisor Osterbeck embarked on an unrelenting campaign of harassment, discrimination and retaliation that resulted in Plaintiff's unlawful and retaliatory termination on February 24, 2021. Plaintiff's termination occurred just 4 weeks after she strongly protested Director Osterbeck's discriminatory treatment on the basis of Plaintiff's psychiatric disability which Plaintiff personally made known to Director Osterbeck. He responded by mocking her psychiatric disability with disparaging, demeaning, humiliating, and insulting language, including, calling Plaintiff "crazy."

8. That Defendants' discriminatory and retaliatory campaign of harassment included, unjust verbal and written disciplinary actions, unprovoked yelling, demeaning mistreatment, increased work-load, denial of proper and adequate training, false accusations of misconduct, violations of work rules and policies, denial of COVID-19 monetary payment awards, and denial of reasonable accommodation of her disability, and denial of promotion to over 50 vacant positions for which Plaintiff was the most qualified applicant, on the basis of Plaintiff's race, age, sex, and disability or perceived disability.

## COUNT I-VIOLATIONS OF THE ADEA

**(Discriminatory and Retaliatory Treatment/Hostile Work Environment)**

9. That Plaintiff repeats and re-alleges every allegation, word for word, contained in paragraphs 1 through 8, as though fully set forth herein.

10. Throughout Plaintiff's employment Director Osterbeck treated Plaintiff who was in her early fifties less favorably than Erica Bethany, a substantially younger similarly situated co-worker in her thirties and required to perform essentially the same job duties under the Director Osterbeck's direct supervision. The favorable treatment includes, but is not limited to Supervisor Osterbeck's (1) refusal to discipline Bethany for repeated and serious her work rule violations, including, use of vulgar profanity, confrontational behaviors, tardiness, and absenteeism which increased Plaintiff's work-load without compensation; (2) providing Bethany and younger co-worker Shavonne Render with the proper and adequate training Plaintiff was repeatedly denied in order to unfairly terminate her employment; and (3) giving Bethany a COVID 19 monetary award which Plaintiff was repeatedly denied, despite daily exposure to the virus.

11. That all of Defendant's and Director Osterbeck's above described adverse actions, including, Plaintiff's termination was based on Plaintiff's age in violation of the ADEA.

12. That as a direct and proximate result of Defendants' violations of Plaintiff's rights protected by the ADEA, Plaintiff has suffered and continues to suffer economic and non-economic damages in the form of emotional distress, embarrassment, mental anguish, and humiliation.

**WHEREFORE**, Plaintiff, Tara D. Miller respectfully prays unto this Honorable Court, for judgment against Defendants for economic, exemplary, compensatory, non-economic and punitive damages, in addition to attorney fees, and whatever other legal and equitable relief this Honorable Court deems just.

## COUNT II–VIOLATIONS OF TITLE VII

### (Discriminatory and Retaliatory Treatment/Hostile Work Environment)

13. That Plaintiff repeats and re-alleges every allegation, word for word, contained in paragraphs 1 through 12, as though fully set forth herein.

14. That throughout Plaintiff's employment she repeatedly complained to Defendants about Director Osterbeck's discriminatory and retaliatory treatment and hostile work environment she was subjected to because of her race and sex. Instead, of eliminating the discriminatory and retaliatory treatment and hostile work environment, Defendants condoned and ratified Director Osterbeck's

adverse employment actions, including the unlawful termination of Plaintiff's employment.

15. That, Defendants and Director Osterbeck intentionally discriminated against Plaintiff on the basis of race and sex, in violation of Title VII, were predisposed to discriminate against black and female employees, and acted upon that predisposition in Defendants' and Director Osterbeck's discriminatory and retaliatory treatment of Plaintiff.

16. That as a direct and proximate result of Defendants' and Director Osterbeck's conduct, Plaintiff has lost wages and future earnings, fringe benefits and other economic advantages incident of employment; and further, Plaintiff has and will continue to suffer mental anguish, depression, mental distress, anxiety, public humiliation, embarrassment, and outrage over the manner in which Plaintiff has been treated which includes the loss of the enjoyment of ordinary pleasures of life.

**WHEREFORE**, Plaintiff, Tara D. Miller respectfully prays unto this Honorable Court, for judgment against Defendants for economic, exemplary, compensatory, non-economic and punitive damages, in addition to attorney fees, and whatever other legal and equitable relief this Honorable Court deems just.

**COUNT III–VIOLATIONS OF SEC. 501 OF THE REHABILITATION**

**(Discriminatory and Retaliatory Treatment/Hostile Work Environment)**

17. Plaintiff re-alleges and incorporates by reference each allegation contained in paragraphs 1-16 as thoughtfully set forth herein.

18. That at all times during Plaintiff's employment she was a qualified individual with a psychiatric military service connected disability that she made known to Defendant and her Supervisor, Eric Osterbeck on several occasions, which disability is life-long and affects major life activities.

18. That in direct violation of Section 501 of the Rehabilitation Act, Defendant and Human Resource Director, Osterbeck subjected Plaintiff to discrimination, retaliation, harassment, and other adverse employment actions, because of her disability, including, calling Plaintiff "crazy" and other disparaging, insulting, embarrassing and humiliating remarks, in addition to retaliating against Plaintiff for exercising her rights to psychiatric treatment for PTSD, depression and other mental conditions caused by Defendant's and Director Osterbeck's unrelenting and ongoing harassment, discriminatory and retaliatory treatment.

19. That as a direct and proximate result of Defendants' conduct, Plaintiff has lost wages and future earnings, fringe benefits and other economic advantages incident of employment; and further, Plaintiff has and will continue to suffer mental anguish, depression, mental distress, anxiety, public humiliation,

embarrassment, and outrage over the manner in which Plaintiff has been treated which includes the loss of the enjoyment of ordinary pleasures of life.

**WHEREFORE**, Plaintiff, Tara D. Miller respectfully prays unto this Honorable Court, for judgment against Defendants for economic, exemplary, compensatory, non-economic and punitive damages, in addition to attorney fees, and whatever other legal and equitable relief this Honorable Court deems just.

Respectfully Submitted:

By: /s/D. RICK MARTIN
D. Rick Martin (P42484)
13900 Woodward, Avenue
Highland Park, MI 48203
(313) 963-1320
Attorney for Plaintiff