UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TARA MILLER, Plaintiff, | Case No. 22-cv-12865 |
| v. | Honorable F. Kay Behm |
| DENNIS MCDONOUGH, Secretary, U.S. Department of Veteran Affairs Agency, Defendant. | Mag. Kimberly G. Altman |

ZOOM VIDEOCONFERENCE DEPOSITION OF TARA MILLER

DATE: Wednesday, January 17, 2024

TIME: 12:13 p.m. to 4:57 p.m.

FACILITATED BY: Modern Court Reporting & Video, LLC

PURSUANT TO: Notice by counsel for the Defendant for purposes of discovery, use at trial, or such other purposes as permitted under the Federal Rules of Civil Procedure and Federal Rules of Evidence

REPORTED BY: KRISTEN SHANKLETON
Notary Public, State of Michigan

somebody's intellectual thinking process, and I am a disabled vet, and he was aware of that with an intellectual disability.

Q. Okay. Okay. So, that gets into my next question which is similar to the ones I've sort of already asked about the other events, but as to this discussion that happened on January 21st, 2021, did you regard that discussion as being discriminatory on any basis?

A. Yes, I felt it was discriminatory to ask me and you -- to compare me to everybody in the office as it relates to my thinking process.

Q. Okay, so, the comment of that you think differently than other people in the office, you regarded --

A. Yes.

Q. -- that as being --

A. Yes.

Q. -- discriminatory?

A. Yes.

Q. Okay. And do you mean discriminatory on the basis of disability?

A. Yes.

Q. Okay. And you mentioned that you -- you had a disability, and that Mr. Osterbeck would have been aware of that, is that right?



Electronically signed by Kristen Shankleton (601-206-892-2623)
e444893f-d4fe-4730-852c-fff87a97b539

A. Yes, because in December -- yes, he was aware because when I first got hired at the VA, I had to upload my Schedule A and my disability paperwork, and on one of those documents it states that the veteran has an intellectual disability, and when you have a Schedule A, it gives you a little bit more veteran preference to receive gainful employment as a federal employee, and it's called a Schedule A letter. So, yes, he was aware of that.

Q. Okay. Do you know whether it says anything in the Schedule A letter other than the term you used, intellectual disability, does it say anything else about what particular disability?

A. It does not. There is an intellectual disability or disability based off of my recollection, but it does not -- one of my documents does have something about my -- I think it may. I don't have the document in front of me at this moment. So, based off of my recollection, what I can recall from the document, it does say intellectual disability. That's one component of it.

Q. Okay. Do you have any other name for it, or do you call the disability that you have anything else other than just generally intellectual disability?

A. Am I allowed to disclose my medical? I have depression, manic depression/depression, anxiety, and



Electronically signed by Kristen Shankleton (601-206-892-2623) e444893f-d4fe-4730-852c-fff87a97b539

post-traumatic stress disorder. Those are the medical diagnoses that I have been diagnosed with from behavioral health.

Q. Okay. And then how did you know that Mr. Osterbeck had seen that Schedule A filing?

A. Because he said he orientated me, and if he orientated me, he would be familiar with my personnel documents. And also, in -- I don't know, am I allowed to give you an example?

Q. Of course, please.

A. In December 2020, I had a medical appointment which was with mental health, and I needed to take off for leave, and he said to me, "I wasn't aware that you were a disabled veteran." And I said, "My Schedule A letter and my disability letter was uploaded in eOPF upon my being hired, and Janice Yusiton was my HR recruiter, so, it was there." But when he said he looked into my eOPF file, he said, "Your disability letter is not there," but still the Schedule A letter was there which read that I had psychologic -- intellectual disability. And I also was hired under the Veterans 10-point preference as well, which means that I would --

Q. I'm sorry, were you finished with that response, or was that -- you were saying that was another reason that you think Mr. Osterbeck would know of that?

Case 4:22-cv-12865-FKB-KGA ECF No. 39-2, PageID.228 Filed 03/31/25 Page 62 of 148



A. Yes.

Q. Okay. And then you might have explained this somewhat already, but just to make sure you have a full opportunity to respond here, what was it that made you think that -- that the comment of you don't think like everyone else was referring to an intellectual disability?

A. If someone -- if someone is telling you that you're not the majority, and you do not fit in the category of the majority, that means that you're on the -- you're -- you're on the outside. You're being marginalized and someone is challenging the way your thought process happens to be. So, I don't think like -- and they know. So, I don't -- I wasn't thinking like everybody in the office. So, why would you single me out and compare me to everybody in the entire office -- the office? Why would you do that? That was hurtful. Mentally.

Q. Okay. Now I want to move on to the next heading in the affidavit which is E, and it says on January 26th, 2021, that you were told you couldn't have a representative during a mediation. Could you please just summarize what you remember about that?

A. I communicated -- in January, I think January the 6th I was called into Eric Osterbeck's office again based



Electronically signed by Kristen Shankleton (601-206-892-2623) e444893f-d4fe-4730-852c-fff87a97b539