United States District Court
Eastern District of Michigan

Tara Miller,

Plaintiff,

v.

Douglas A. Collins, Secretary of Veterans Affairs,

Defendant.

Civil No. 22-12865

Hon. F. Kay Behm
Mag. Judge Kimberly G. Altman

# Reply Brief in Support of Defendant's Motion for Summary Judgment

## Issues Presented

I. Should the Court grant summary judgment for Defendant on Plaintiff's discrimination claims because there is no evidence of discrimination and the VA terminated Plaintiff for a plainly legitimate reason?

II. Should the Court grant summary judgment for Defendant on Plaintiff's retaliation claims because Plaintiff did not complain about discrimination before she was terminated and the VA terminated her for a plainly legitimate reason?

III. Should the Court grant summary judgment for Defendant on Plaintiff's hostile work environment claim because Plaintiff fails to establish that she was subjected to severe and pervasive hostility?

# Table of Contents


Introduction ........................................................................................ 1

Analysis ........................................................................................ 1

I. Miller fails to establish that her termination was discriminatory or retaliatory. ........................................................................................ 1

A. Miller fails to make a prima facie case of discrimination. .................... 2

B. Miller fails to make a prima facie case of retaliation. .......................... 2

C. The Court should not reach the issue of pretext, but the VA's reasons for terminating Miller were not pretextual. ........................................ 4

II. Miller fails to establish that the VA subjected her to a hostile work environment. ........................................................................................ 5

A. Miller's sexual harassment claim falls well below the threshold of "severe and pervasive" conduct, which remains the applicable standard after *Muldrow* and *McNeal*. ................................................ 5

B. Miller's allegations of non-sexual hostility have no apparent connection to a protected characteristic. ............................................ 6

Conclusion ........................................................................................ 7

Certification of Service ........................................................................ 9

## Introduction

The VA terminated Tara Miller's probationary employment because she refused to follow simple instructions and wrongfully accessed her coworkers' personnel files. In addition, the VA did not subject Miller to a hostile work environment because (1) the alleged sexual harassment was not severe or pervasive enough to amount to sex-based discrimination and (2) the other alleged hostile acts were not based on any protected characteristic under Title VII, the ADEA, or the Rehabilitation Act. No reasonable juror could conclude otherwise.

Miller's response brief ignores evidence that doesn't fit her conspiratorial narrative and instead relies on speculation and conjecture (most of which is sourced from a 52-paragraph declaration, containing new allegations not raised during Miller's five-hour deposition in this case).

On this record, no reasonable factfinder could find that the VA discriminated or retaliated against Miller, so summary judgment is appropriate.

## Analysis

Making all reasonable inferences in Miller's favor, her allegations do not support her claims of wrongful termination or hostile work environment.

### I. Miller fails to establish that her termination was discriminatory or retaliatory.

The VA terminated Miller's probationary employment because she refused to follow her supervisor's basic instructions and hacked into her coworkers'

personnel files. These were plainly legitimate, nondiscriminatory reasons for termination.

In response, Miller attempts to show that these reasons were pretextual, but the Court should not even reach the issue of pretext because miller fails to make a prima facie case that her termination was discriminatory or retaliatory.

**A. Miller fails to make a prima facie case of discrimination.**

Tellingly, Miller's response brief all but abandons her discrimination claims. She makes no effort to develop those claims by citing any evidence that a similarly situated coworker was treated more favorably under similar circumstances. *See Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998) (To be "similarly situated" in the disciplinary context, an employee must be similarly situated in all "relevant aspects."). As explained in the VA's motion, the record lacks such evidence, so Miller fails to make a prima facie case of discrimination under the *McDonnell Douglas* standard.

**B. Miller fails to make a prima facie case of retaliation.**

As explained in the VA's motion for summary judgment, Miller fails to make a prima facie case of retaliation because (1) she did not engage in protected conduct before she was terminated, (2) her supervisors had no knowledge of any such conduct, and (3) her termination was not causally related to protected conduct and was instead based on plainly legitimate reasons.

Miller attempts to base her retaliation claim on a non-verbal, but purportedly negative, reaction to an alleged comment from Osterbeck that she "look[ed] nice." That argument fails for at least three reasons. First, Miller lacked a good-faith, reasonable basis to believe she was opposing conduct made unlawful by Title VII. *See Wasek v. Arrow Energy Servs., Inc.*, 682 F.3d 463, 469 (6th Cir. 2012). Second, no court has ever found that such ambiguous and nonverbal conduct constitutes "opposition" for the purposes of Title VII. *See Crawford v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 555 U.S. 271, 276 (2009) ("The term 'oppose,' being left undefined by the statute, carries its ordinary meaning . . . ."). And third, there is no evidence that Eric Osterbeck or Eric Gonzales had any knowledge of this purported opposition.

In addition, the Court should disregard Miller's testimony about the alleged "you look nice" encounter on April 21, 2020, because that allegation was raised for the first time in her declaration and contradicts her deposition testimony. *See Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986) (holding that a "party may not create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts her earlier deposition testimony"). During her lengthy deposition in this case, Miller was asked about her allegations of sexual harassment by Osterbeck. In response, she described the "candy man" comment and one other instance where Osterbeck allegedly made an off-color

comment to Angela Thompson. (Miller Deposition, ECF No. 39-2, PageID.205, 269.) She did not mention the alleged encounter on April 21. Miller was also asked about the bases on which she believed Osterbeck retaliated against her. In response, she referred to "The complaints that I made against Eric, the complaints I made against Erica, the complaints that I made against Angela to Zenia Berry to Cindy Bukowsky." (*Id.*, PageID.232.) At no point during her deposition did she allege that Osterbeck retaliated against her for purportedly spurning his advances on April 21, 2020.

### C. The Court should not reach the issue of pretext, but the VA's reasons for terminating Miller were not pretextual.

Because Miller fails to make a prima facie case, the Court should not reach the issue of pretext. But in addition, there is no evidence of pretext.

There is no material dispute of fact that the VA terminated Miller on February 24, 2021, after it learned that she accessed her coworkers' personnel files. At least three pieces of evidence establish this fact in a way that is beyond reasonable dispute: First, the termination letter was digitally signed by Eric Gonzales on February 24, 2021. (Termination Letter, ECF No. 39-17, PageID.672.) Second, Miller testified repeatedly and unequivocally that she was terminated on February 24, 2021. (Miller Deposition, ECF No. 39-2, PageID.185, 246, 278.) And Third, Eric Gonzales testified that he learned on February 23, 2021 about Miller's wrongful access of her coworkers' records and made the decision to

terminate her on February 24, 2021. (Gonzales Declaration, ECF No. 39-18, PageID.674.)

The fact that the VA drafted a termination letter on February 19, 2021, does not contradict this indisputable evidence. Instead, as clearly described in the VA's motion for summary judgment, Osterbeck (who did not have authority to terminate Miller) requested Miller's termination in January based on her willful failure to follow simple instructions, but Eric Gonzales approved the termination only after learning of Miller's wrongful use of the personnel database.

## II. Miller fails to establish that the VA subjected her to a hostile work environment.

### A. Miller's sexual harassment claim falls well below the threshold of "severe and pervasive" conduct, which remains the applicable standard after *Muldrow* and *McNeal*.

Miller seeks to rescue her hostile work environment claim by arguing that the law on this subject changed after the Supreme Court's decision in *Muldrow v. City of St. Louis*, 601 U.S. 346 (2024). It did not.

In *Muldrow*, the Supreme Court addressed a circuit split regarding the level of harm needed to support a discrimination claim, holding that Title VII requires claimants to show "some harm respecting an identifiable term or condition of employment." *Id.* at 355. The case did not involve a claim of hostile work environment. *See generally*, *id*.

In *McNeal v. City of Blue Ash, Ohio*, the Sixth Circuit held that "*Muldrow*'s

holding that Title VII does not require plaintiffs to show 'significant' harm" applies to hostile work environment claims. 117 F.4th 887, 904 (6th Cir. 2024). However, the *McNeal* Court continued to apply the "severe or pervasive" standard, concluding that "when we consider whether a hostile-work environment was severe or pervasive enough to violate Title VII, we effectively ask whether it left an employee 'worse off respecting employment terms or conditions.'" *Id.* (quoting *Muldrow*, 601 U.S. at 355).

Accordingly, *Muldrow* and *McNeal* left undisturbed a long line of Sixth Circuit precedent setting a "relatively high bar for what amounts to actionable discriminatory conduct under a hostile work environment theory." *Phillips v. UAW Int'l*, 854 F.3d 323, 328 (6th Cir. 2017); *see also Clark v. United Parcel Service*, 400 F.3d 341, 351 (6th Cir. 2005); *Burnett v. Tyco Corp.*, 203 F.3d 980, 981 (6th Cir. 2000); *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 790 (6th Cir. 2000). Under this standard, Miller's allegations that Osterbeck referred to himself as the "candy man" and told Miller she "look[ed] nice," fall substantially below the type of conduct that has been held to affect a term or condition of employment.

### B. Miller's allegations of non-sexual hostility have no apparent connection to a protected characteristic.

Finally, Miller aggregates several vague grievances and characterizes them as a hostile work environment.

As the VA's Final Agency Decision noted, Miller's allegations of non-

sexual hostility are wholly disconnected from the type of discrimination made unlawful by Title VII, the ADEA, and the Rehabilitation Act. (*See* Final Agency Decision, ECF No. 39-22, PageID.694.) Instead, Miller alleges that her supervisor was generally overbearing and treated her coworkers Angela Thompson and Erica Bethany (who, considered together, share every protected characteristic on which Miller alleges to have been discriminated) more favorably.

Even if these actions were severe or pervasive enough to affect the terms of Miller's employment, they could not support a hostile work environment claim. In *Ogbonna-McGruder v. Austin Peay State University*, the Sixth Circuit reiterated that hostile work environment claims must be connected to discrimination or retaliation. 91 F.4th 833, 839 (6th Cir. 2024) (For a race based hostile work environment claim, "the plaintiff must allege that she is a member of a protected class and that the harassment was based on race," and for a retaliatory hostile work environment claim, the plaintiff must allege "that she was subjected to severe or pervasive retaliatory harassment by a supervisor after she engaged in activity protected by Title VII, and that there was a causal connection between the protected activity and the . . . harassment.") (cleaned up).

## Conclusion

For these reasons, the Court should grant summary judgment for Defendant and dismiss the complaint.

Respectfully Submitted,

**Jerome F. Gorgon, Jr.**
United States Attorney

*/s/ Christopher Doyle*
**Christopher Doyle** (P79376)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9595
christopher.doyle@usdoj.gov

Dated: May 27, 2025

## Certification of Service

I hereby certify that on May 27, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which resulted in service on counsel for the other parties to this case.

*/s/ Christopher Doyle*
**Christopher Doyle** (P79376)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9595
christopher.doyle@usdoj.gov